Whitaker, Judge,
concurring:
I concur in the foregoing decision for this reason, briefly expressed: The contract provided in article 3 that if changes were made bringing about an increase or decrease in the amount due under the contract “an equitable adjustment shall be made.” Under the authority of Case v. Los Angeles Lumber Co., 308 U. S. 106, cited in the foregoing opinion, and other cases, what constitutes an equitable adjustment is clearly a question of law. (See pages 113, 114, 115, 118 and 119 of that opinion.) I think articles 3 and 15 gave no authority to the contracting officer nor to the head of the department to decide such questions.
Article 3 provides, “if the parties cannot agree upon the adjustment the dispute shall be determined as provided in article 15 hereof.” But article 15 confers on the contracting officer and the head of the department the right to decide disputes only as to questions of fact. Hence, when a dispute arose under article 3 and the parties were unable to agree, it *333 was necessary to take an appeal to tire head of the department only on the questions of fact involved in the dispute.
There is no dispute between the parties in this case as to the facts. The only dispute concerns whether or not the amount allowed by the contracting officer for the extra work constituted an equitable adjustment, and this, as the majority opinion holds, is a question of law. Neither the contracting officer nor the head of the department was given any right by the contract to decide such questions. If, therefore, the plaintiff did not think the adjustment made by the contracting officer was equitable, it had a right to appeal to this court for relief. The relief granted by the court is the relief to which I think the plaintiff is entitled.